**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GREG PALAST and<br>HELEN BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:18-CV-04809-ELR |
| | ) | |
| BRIAN KEMP, in his official | ) | |
| capacity as Secretary of State of | ) | **JURY TRIAL DEMANDED** |
| the State of Georgia,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW, Brian Kemp, in his official capacity as Secretary of State of the State of Georgia ("Defendant" or "Kemp"), by and through counsel, and respectfully answers Plaintiffs Greg Palast's ("Palast") and Helen Butler's ("Butler") (collectively, "Plaintiffs") Complaint as follows:

## INTRODUCTION

Despite its hyperbole and irrelevant allegations, this lawsuit is about requests to produce documents and nothing more.  Plaintiffs, one of whom claims to be an

---

[1] Defendant Kemp resigned from his position as Secretary of State, which will be effective later today.  Governor Deal has appointed Robyn A. Crittenden as the new Secretary of State for the State of Georgia.

internationally-known reporter, have a theory about how the State of Georgia conducts elections. That theory is not borne out by the facts, but Plaintiffs continue to press ahead with this lawsuit that was filed just before the election and reported and distributed widely by Plaintiff Palast. Although this lawsuit is frequently described publicly as something more, the complaint is only about documents. It is also meritless.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

The allegations in the Complaint fail to state a claim against Defendant upon which relief may be granted.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

Defendant reserves the right to amend his defenses and to add additional ones.

Defendant answers the specific paragraphs of Plaintiffs' Complaint as follows:

## <u>INTRODUCTION</u>

1.

Defendant admits the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.

The National Voter Registration Act ("NVRA") speaks for itself and, accordingly, Paragraph 2 of Plaintiffs' Complaint does not require a response. Defendant denies any of Plaintiffs' characterizations of the NVRA, as well as any other allegations stated or implied in this paragraph.

3.

The NVRA speaks for itself and, accordingly, Paragraph 3 of Plaintiffs' Complaint does not require a response. Defendant denies any of Plaintiffs' characterizations of the NVRA, as well as any other allegations stated or implied in this paragraph.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint as pled.

5.

The NVRA speaks for itself and, accordingly, Paragraph 5 of Plaintiffs' Complaint does not require a response. Defendant denies any of Plaintiffs' characterizations of the NVRA, as well as any other allegations stated or implied in this paragraph.

6.

The allegations in this paragraph improperly contain multiple distinct factual allegations, not all of which pertain to the Defendant.  Paragraph 6 of Plaintiffs' Complaint makes assertions unrelated to Defendant that are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

7.

The allegations in this paragraph improperly contain multiple distinct factual allegations, not all of which pertain to the Defendant.  Paragraph 7 of Plaintiffs' Complaint makes assertions unrelated to Defendant that are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied as pled.

8.

The allegations in this paragraph improperly contain multiple distinct factual allegations, not all of which pertain to the Defendant.  Paragraph 8 of Plaintiffs' Complaint makes assertions unrelated to Defendant that are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied as pled.

9.

The allegations in Paragraph 9 of Plaintiffs' Complaint refer to Plaintiffs' subjective beliefs, which are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

## PARTIES

10.

The allegations in Paragraph 10 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

11.

The allegations in Paragraph 11 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

12.

Defendant admits that he previously served as the Secretary of State for the State of Georgia.[2] The remaining allegations in Paragraph 12 of Plaintiffs' Complaint are statements of the law. The law speaks for itself and, accordingly, these allegations do not require a response. Defendant denies any of Plaintiffs'

---

[2] *See supra* note 1.

characterizations of the law, and all other allegations stated or implied in this paragraph are denied.

## JURISDICTION AND VENUE

### 13.

Defendant admits that his Court possesses subject matter and personal jurisdiction, and that venue is proper. All other allegations stated or implied in Paragraph 13 of Plaintiffs' Complaint are denied.

## FACTUAL ALLEGATIONS

### 14.

The allegations in Paragraph 14 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

### 15.

This paragraph improperly contains multiple distinct factual allegations and legal conclusions. To the extent that they are statements of the law, the law speaks for itself and, accordingly, these allegations do not require a response. Defendant denies any of Plaintiffs' characterizations of the law.  Factual assertions unrelated to Defendant are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in Paragraph 15 of Plaintiffs' Complaint are denied.

16.

This paragraph improperly contains multiple distinct factual allegations and legal conclusions. To the extent that they are statements of the law, the law speaks for itself and, accordingly, these allegations do not require a response. Defendant denies any of Plaintiffs' characterizations of the law.  Factual assertions unrelated to Defendant are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in Paragraph 16 of Plaintiffs' Complaint are denied.

17.

This paragraph improperly contains multiple distinct factual allegations and legal conclusions. To the extent that they are statements of the law, the law speaks for itself and, accordingly, these allegations do not require a response. Defendant denies any of Plaintiffs' characterizations of the law.  Factual assertions unrelated to Defendant are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in Paragraph 17 of Plaintiffs' Complaint are denied.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint as pled.

19.

The allegations in Paragraph 19 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

20.

The allegations in Paragraph 20 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

**Initial Information Request**

21.

The allegations in Paragraph 21 of Plaintiffs' Complaint refer to a document that was not included as an attachment to Plaintiffs' Complaint.  To the extent that it exists, such document speaks for itself.  Defendant denies any of Plaintiffs' characterizations of the document.  All other allegations stated or implied in this paragraph are denied.

22.

The allegations in Paragraph 22 of Plaintiffs' Complaint refer to a document that was not included as an attachment to Plaintiffs' Complaint.  To the extent that it exists, such document speaks for itself.  Defendant denies any of Plaintiffs' characterizations of the document.  All other allegations stated or implied in this paragraph are denied.

23.

The allegations in Paragraph 23 of Plaintiffs' Complaint refer to a document that was not included as an attachment to Plaintiffs' Complaint.  To the extent that it exists, such document speaks for itself.  Defendant denies any of Plaintiffs' characterizations of the document.  All other allegations stated or implied in this paragraph are denied.

24.

The allegations in Paragraph 24 of Plaintiffs' Complaint refer to a responsive document that was not included as an attachment to Plaintiffs' Complaint.  To the extent that it exists, such document speaks for itself.  Defendant denies any of Plaintiffs' characterizations of the document.  All other allegations stated or implied in this paragraph are denied.

**90-day NVRA Notice**

25.

The allegations in Paragraph 25 of Plaintiffs' Complaint refer to Plaintiffs' subjective beliefs and reactions of other states, which are both outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

26.

The allegations in Paragraph 26 of Plaintiffs' Complaint refer to Plaintiffs' subjective beliefs, which are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

27.

The allegations in Paragraph 27 of Plaintiffs' Complaint refer to a document that was not included as an attachment to Plaintiffs' Complaint.  To the extent that it exists, such document speaks for itself.  Defendant denies any of Plaintiffs' characterizations of the document.  All other allegations stated or implied in this paragraph are denied.

28.

The allegations in Paragraph 28 of Plaintiffs' Complaint refer to a document that was not included as an attachment to Plaintiffs' Complaint.  To the extent that it exists, such document speaks for itself.  Defendant denies any of Plaintiffs' characterizations of the document.  All other allegations stated or implied in this paragraph are denied.

29.

The allegations in Paragraph 29 of Plaintiffs' Complaint refer to a document that was not included as an attachment to Plaintiffs' Complaint.  To the extent that it exists, such document speaks for itself.  Defendant denies any of Plaintiffs' characterizations of the document.  All other allegations stated or implied in this paragraph are denied.

30.

The allegations in Paragraph 30 of Plaintiffs' Complaint refer to a document that was not included as an attachment to Plaintiffs' Complaint.  To the extent that it exists, such document speaks for itself.  Defendant denies any of Plaintiffs' characterizations of the document.  All other allegations stated or implied in this paragraph are denied.

31.

The allegations in Paragraph 31 of Plaintiffs' Complaint contain summary data from documents that were not included as attachments to Plaintiffs' Complaint.  To the extent that they exist, such documents speak for themselves. Defendant denies any of Plaintiffs' characterizations of the documents.  All other allegations stated or implied in this paragraph are denied.

32.

The allegations in Paragraph 32 of Plaintiffs' Complaint refer to Plaintiffs' subjective beliefs, which are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

33.

This paragraph improperly contains multiple distinct factual allegations and legal conclusions, not all of which pertain to Defendant. To the extent that they are statements of the law, the law speaks for itself and, accordingly, these allegations do not require a response. Defendant denies any of Plaintiffs' characterizations of the law.  Factual allegations unrelated to Defendant are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in Paragraph 33 of Plaintiffs' Complaint are denied.

34.

The law speaks for itself and, accordingly, Paragraph 34 of Plaintiffs' Complaint does not require a response. Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint as pled.

36.

The allegations in Paragraph 36 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

37.

The allegations in Paragraph 37 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

38.

Factual assertions unrelated to Defendant are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in Paragraph 38 of Plaintiffs' Complaint are denied.

39.

The allegations in Paragraph 39 of Plaintiffs' Complaint improperly contain multiple distinct factual allegations, all of which are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

40.

The allegations in Paragraph 40 of Plaintiffs' Complaint refer to subjective beliefs of unnamed "professional data analysts," which are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

41.

The allegations in Paragraph 41 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

42.

The allegations in this paragraph improperly contain multiple distinct factual allegations, not all of which pertain to defendant.  Factual assertions unrelated to Defendant are outside the scope of Defendant's knowledge and are therefore denied on that basis.  The allegations in this paragraph further contain summary data from documents that were not included as attachments to Plaintiffs' Complaint.  To the extent that they exist, such documents speak for themselves. Defendant denies any of Plaintiffs' characterizations of the documents.  All other allegations stated or implied in Paragraph 42 of Plaintiffs' Complaint and/or its attendant footnote are denied.

**Lack of Crosscheck Data**

43.

The allegations in this paragraph refer to Plaintiffs' subjective beliefs, which are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

44.

Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.

The allegations in Paragraph 45 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

46.

The allegations in Paragraph 46 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis. The allegations in this paragraph further contain summary data from documents that were not included as attachments to Plaintiffs' Complaint.  To the extent that they exist, such documents speak for themselves.  Defendant denies any of Plaintiffs' characterizations of the documents.

**Posting this Data on the Gregpalast.com website**

47.

The allegations in Paragraph 47 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

48.

The allegations in Paragraph 48 of Plaintiffs' Complaint improperly contain multiple distinct factual allegations and statements of Plaintiffs' subjective beliefs. To the extent that the allegations in this paragraph refer to Plaintiffs' subjective beliefs, such are outside the scope of Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

49.

The allegations in Paragraph 49 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

50.

The allegations in Paragraph 50 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

51.

The allegations in Paragraph 51 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

52.

The allegations in Paragraph 52 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

53.

The allegations in Paragraph 53 of Plaintiffs' Complaint are outside the scope of Defendant's knowledge and are therefore denied on that basis.

54.

The allegations in this paragraph improperly contain multiple distinct factual allegations and statements of Plaintiffs' subjective and/or speculative beliefs regarding their own allegations.  To the extent that the allegations are of Plaintiffs' subjective and/or speculative beliefs, such are outside the scope of Defendant's knowledge, and are therefore denied on this basis. All other allegations stated or implied in Paragraph 54 of Plaintiffs' Complaint are denied.

55.

This paragraph contains no new factual allegations, and is purely a statement of Plaintiffs' subjective and/or speculative beliefs regarding their own allegations.

Therefore, this paragraph does not require a response. To the extent that any factual allegations are contained or implied in Paragraph 55 of Plaintiffs' Complaint, such are denied.

56.

This paragraph contains no new factual allegations, and is purely a statement of Plaintiffs' subjective and/or speculative beliefs regarding their own allegations. Therefore, this paragraph does not require a response. To the extent that any factual allegations are contained or implied in Paragraph 56 of Plaintiffs' Complaint, such are denied.

57.

The allegations in this paragraph improperly contain multiple distinct factual allegations and statements of Plaintiffs' subjective and/or speculative beliefs regarding their own allegations.  To the extent that the allegations are of Plaintiffs' subjective and/or speculative beliefs, such are outside the scope of Defendant's knowledge, and are therefore denied on this basis. All other allegations stated or implied in Paragraph 57 of Plaintiffs' Complaint are denied.

**Failure of Georgia to provide complete information**

**under the NVRA Request**

58.

The allegations in this paragraph improperly contain multiple distinct factual allegations and statements of Plaintiffs' subjective and/or speculative beliefs. Statements of Plaintiffs' subjective and/or speculative beliefs do not require a response. All factual allegations contained or implied in Paragraph 58 of Plaintiffs' Complaint are denied.

59.

The allegations in this paragraph refer to a document that was not included in an attachment to Plaintiffs' Complaint.  To the extent that it exists, such document speaks for itself.  Defendant denies any of Plaintiffs' characterizations of this document. All other allegations stated or implied in this paragraph are denied.

60.

Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint as pled.

61.

The allegations in this paragraph refer to Plaintiffs' subjective beliefs, which are outside the scope of Defendant's knowledge and are therefore denied on that

basis.  All other allegations stated or implied in Paragraph 61 of Plaintiffs'
Complaint are denied.

62.

Defendant admits Mr. Germany has communicated with Plaintiffs' legal
counsel, and the records of those communications speak for themselves.  All other
allegations stated or implied in Paragraph 62 of Plaintiffs' Complaint are denied.

63.

Defendant admits Mr. Germany has communicated with Plaintiffs' legal
counsel, and the records of those communications speak for themselves.  All other
allegations stated or implied in Paragraph 62 of Plaintiffs' Complaint are denied.

64.

The allegations in this paragraph refer to statements made by Plaintiffs and a
third-party and are outside the scope of Defendant's knowledge and are therefore
denied on that basis.

65.

Paragraph 65 of Plaintiffs' Complaint refers to an unidentified individual
and an alleged conversation that occurred years ago.  Defendant is without
sufficient information to admit or deny the allegations as pled and, therefore,
denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.

The allegations in Paragraph 66 of Plaintiffs' Complaint refer to a website, but no screenshot or link to such website was included with Plaintiffs' Complaint. The contents of any such website speak for themselves and Defendant denies any of Plaintiffs' characterizations thereof.

67.

The allegations in this paragraph improperly contain multiple distinct factual allegations and statements of Plaintiffs' subjective and/or speculative beliefs regarding their own allegations.  To the extent that the allegations are of Plaintiffs' subjective and/or speculative beliefs, or communications by an unidentified third party or parties, such allegations are outside the scope of Defendant's knowledge, and are therefore denied on these bases. All other allegations stated or implied in Paragraph 67 of Plaintiffs' Complaint are denied.

68.

Paragraph 68 of Plaintiffs' Complaint does not make a factual allegation. It is denied as pled.

69.

Defendant admits Mr. Germany has communicated with Plaintiffs' legal counsel, and the records of those communications speak for themselves.  All other allegations stated or implied in Paragraph 69 of Plaintiffs' Complaint are denied.

70.

Defendant is unaware of Plaintiff Palast's writings and can neither admit nor deny what those writings claim.  The allegations contained or implied in Paragraph 70 of Plaintiffs' Complaint are, therefore, denied.

71.

Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.

Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.

The NVRA speaks for itself and, accordingly, this paragraph does not require a response. Defendant denies any of Plaintiffs' characterizations of the NVRA, as well as any other allegations stated or implied in this paragraph.

74.

The NVRA speaks for itself and, accordingly, this paragraph does not require a response. Defendant denies any of Plaintiffs' characterizations of the NVRA, as well as any other allegations stated or implied in this paragraph.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

## COUNT 1
## VIOLATION OF PUBLIC DISCLOSURE PROVISION OF THE NVRA

76.

Defendant incorporates by reference and realleges its responses to Plaintiff's preceding allegations as if fully restated herein.

77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.

Defendant denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

## **RELIEF REQUESTED**

Defendant denies that Plaintiffs are entitled to any relief they seek.

Defendant denies every allegation not specifically admitted herein.

Respectfully submitted this 8th day of November, 2018.

> */s/ Josh Belinfante*
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> David B. Dove
> Georgia Bar No. 998664
> ddove@robbinsfirm.com
> Brian E. Lake
> Georgia Bar No. 575966
> blake@robbinsfirm.com
> Robbins Ross Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.
> Atlanta, GA 30318
> Telephone:   (678) 701-9381
> Facsimile:    (404) 856-3250
>
> *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing **ANSWER**

with the Clerk of Court using the CM/ECF electronic filing system which will

automatically send counsel of record e-mail notification of such filing.

        G. Brian Spears
        1126 Ponce de Leon Avenue
        Atlanta, Georgia 30306
        bspears@mindspring.com

        Jeanne Mirer
        Mirer, Mazzocchi & Julien PLLC
        150 Broadway, 12th Floor
        New York, New York 10038
        (*pro hac vice pending*)

This 8th day of November, 2018.

        */s/ Josh Belinfante*
        Josh Belinfante