**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |  |
|---|---|---|---|
| GREG PALAST and | ) | | |
| HELEN BUTLER, | ) | | |
| | ) | | |
|    Plaintiffs, | ) | | |
| | ) | CIVIL ACTION FILE | |
| v. | ) | | |
| | ) | NO. 1:18-CV-04809-ELR | |
| BRAD RAFFENSPERGER, in his | ) | | |
| official capacity as Secretary of State | ) | | |
| of the State of Georgia,[1] | ) | | |
| | ) | | |
|    Defendant. | ) | | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Defendant Brad Raffensperger, in his official capacity as Secretary of State of the State of Georgia ("Defendant" or "Secretary"), by and through counsel, submits this Statement of Material Facts as to Which There is No Genuine Issue to be Tried.

   1.    On or about January 14, 2013, the Georgia Secretary of State executed a Memorandum of Understanding ("MOU") with the chief election

---

[1] Brad Raffensperger replaced Robyn A. Crittenden as the Secretary of State for the State of Georgia on or about January 14, 2019.

officials of 19 other states to share voter registration data between the various states.  Declaration of Ryan Germany at ¶ 2; Exhibit A.

2.    Pursuant to the MOU, Georgia agreed to send its voter registration rolls to the office of the Kansas Secretary of State to compare with those of other states to search for duplicate entries.  Declaration of Ryan Germany at ¶ 3; Exhibit A.

3.    On or about January 23, 2013, then-Secretary Brian Kemp submitted the MOU for preclearance under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973.  Declaration of Ryan Germany at ¶ 5; Exhibit B.

4.    Georgia's submission of the MOU for preclearance under Section 5 of the VRA made plain that Georgia "is not using the information provided by the Kansas Secretary of State to either challenge or remove registrations" and Georgia's participation was and is for the "sole purpose [of] increas[ing] the universe of registrant's names in the database by the other states."  Declaration of Ryan Germany at ¶ 6; Exhibit B at 2.

5.    On or about February 28, 2013, the U.S. Department of Justice determined that preclearance under Section 5 was unnecessary as the

MOU does not affect voting in the State of Georgia.  Declaration of Ryan Germany at ¶ 7; Exhibit C.

6.  Consistent with its representation to the Justice Department, Georgia does not now, nor has it ever, used the information gathered by the Kansas Secretary of State pursuant to the MOU to remove registrations from the Georgia voter database or conduct any list maintenance procedure whatsoever, including sending confirmation notices.  Declaration of Ryan Germany at ¶ 4.

7.  Georgia does not possess or maintain the 2016 and 2017 Crosscheck Lists requested by Plaintiffs.  Declaration of Ryan Germany at ¶ 13.

8.  On or about June 12, 2018, counsel for Plaintiffs submitted a request to the Georgia Secretary of State's office under the National Voter Registration Act, 52 U.S.C. § 20507, to obtain the 2016 and 2017 Crosscheck Lists produced by the Kansas Secretary of State. Declaration of Ryan Germany at ¶ 8; Exhibit D.

9.  On or about September 5, 2018, the Georgia Secretary of State's office responded to Plaintiffs' June 12, 2018 letter and confirmed that "Georgia has not used data or matches received from the Interstate Crosscheck Program to remove or otherwise change the status of voter

registrations.  To date, [Georgia's] involvement has been limited to including our data in the Interstate Crosscheck Program.  [Georgia] did not participate at all this year (2018)."  Declaration of Ryan Germany at ¶ 9; Exhibit E.

10.  Georgia has not shared its voter registration data with Kansas Crosscheck since January 2017.  Declaration of Ryan Germany at ¶ 4.

11.  On or about September 27, 2018, counsel for Plaintiffs sent an additional letter again requesting copies of the 2016 and 2017 Crosscheck Lists, as well as making new requests for confirmation notices sent in 2016 and 2017.  Declaration of Ryan Germany at ¶ 10; Exhibit F.

12.  A week later, on or about October 4, 2018, the Georgia Secretary of State's office responded to Plaintiffs' September 27, 2018 letter and reiterated that "Georgia does not use and has not ever used Crosscheck data for list maintenance or any voter registration purpose whatsoever" and thus was "under no obligation to retain that data pursuant to the NVRA."  Declaration of Ryan Germany at ¶ 11; Exhibit G.

13.  The Secretary of State's office further confirmed that "[w]e have performed a diligent search to ensure that we do not have the 2016 and 2017 lists provided by the Crosscheck program, and we do not have them." *Id.*

14.  Four days later, on or about October 8, 2018, counsel for Plaintiffs sent a third letter to the Georgia Secretary of State's office again requesting the 2016 and 2017 Crosscheck Lists despite the Georgia Secretary of State's office's confirmation that it did not possess them. Declaration of Ryan Germany at ¶ 12; Exhibit H.

15.  Roughly one month later, Plaintiffs filed this lawsuit alleging a single count of violation of the National Voter Registration Act, citing Defendant's alleged failure to produce the Crosscheck Lists as the sole grounds for their complaint.  *See* [Doc. 1 at ¶¶ 76-78].

16.  On or about February 28, 2019, Plaintiffs requested a list of individuals who received confirmation notices going back to 2013. *See* March 18, 2019 Email Chain between J. Mirer and B. Lake re: Palast et al v Crittenden (Attachment 4) at 2.

17.   On or about March 18, 2019, Defendant provided Plaintiffs with spreadsheets of confirmation notices sent by the Secretary of State's office from 2013 through 2018. *Id.* at 1.

18.   Defendant further responded to Plaintiffs' follow up questions – sent after the discovery period had ended – clarifying any issues regarding the documents provided.  *See* May 3, 2019 Email Chain between J. Mirer and B. Lake re: Can we speak tomorrow afternoon? (Attachment 5).

Respectfully submitted this 8th day of May, 2019.

*/s/ Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, GA 30318
Telephone:   (678) 701-9381
Facsimile:    (404) 856-3250

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the within and foregoing

**DEFENDANT'S STATEMENT OF MATERIAL FACTS TO WHICH**

**THERE IS NO GENUINE ISSUE TO BE TRIED** with the Clerk of Court using

the CM/ECF electronic filing system which will automatically send counsel of

record e-mail notification of such filing.

G. Brian Spears
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306
bspears@mindspring.com

Jeanne Mirer
Mirer, Mazzocchi & Julien PLLC
150 Broadway, 12th Floor
New York, New York 10038

This 8th day of May, 2019.

*/s/ Josh Belinfante*
Josh Belinfante