FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 0 3 2020

JAMES N. HATTEN, Clerk
By: *[signature]* Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

IN RE:  COURT OPERATIONS UNDER
THE EXIGENT CIRCUMSTANCES          **GENERAL ORDER 20-01**
CREATED BY COVID-19 AND RELATED          **Sixth Amendment**
CORONAVIRUS

## ORDER

General Order 20-01, dated March 16, 2020, and amended by orders dated March 30, 2020; April 30, 2020; May 26, 2020; July 1, 2020; and July 10, 2020, addresses Court operations for the United States District Court for the Northern District of Georgia under the exigent circumstances created by the spread of COVID-19. The Fifth Amendment to General Order 20-01, entered July 10, 2020, extended the time periods specified in the Order through and including August 30, 2020.

Data from the Georgia Department of Public Health reflects that the average number of new COVID-19 cases per day in the State of Georgia has increased and remains higher than it was on March 16, 2020, when the Court originally entered General Order 20-01. A July 26, 2020, federal report prepared for the White House Coronavirus Task Force places Georgia in the red zone for new COVID-19 cases, indicating more than 100 new cases per 100,000 population and in the red zone for test positivity, indicating a positive test rate above 10 percent. The three Georgia counties identified by the report as having the highest number of new cases for the past three weeks, accounting for 24.2% of all new cases in Georgia during that period, are all within the Northern District of Georgia.

Data from the Georgia Department of Public Health indicates the number of confirmed cases per day throughout the Northern District of Georgia is at its highest since the beginning of the pandemic. The total number of COVID-19 deaths in Georgia and the Northern District continues to rise, and no vaccine or cure is available to the general public. There has been no change to the President's declaration of a national emergency under the National Emergencies Act (50 U.S.C. § 1601 et seq.) due to COVID-19 or to the findings of the Judicial Conference of the United States that emergency conditions due to this national emergency have materially affected and will materially affect the functioning of the federal courts generally. The existing conditions in the Northern District of Georgia do not meet the gating criteria set forth in the *Federal Judiciary COVID-19 Recovery Guidelines* for expanding current Court operations in the Northern District.

As the adverse conditions giving rise to General Order 20-01 have not sufficiently resolved for the Court to expand current operations or return to normal operations, **IT IS HEREBY ORDERED** that General Order 20-01, as amended, is <u>further</u> <u>amended</u> to extend the time periods specified therein through and including the date of October 4, 2020.

**IT IS FURTHER ORDERED** that while there will be no civil or criminal jury trials in any division of the Northern District of Georgia until after October 4, 2020, grand jurors may continue to be summoned and grand jury proceedings may continue to be held; and summonses may be issued to prospective jurors for civil and criminal jury trials scheduled to begin after October 4, 2020.

**IT IS FURTHER ORDERED** that the time period of any continuance entered as a result of this Order (whether that continuance causes a pre-indictment delay or a pre-trial delay) shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further order of the Court or any individual judge, the period of exclusion shall be from March 23, 2020, through and including October 4, 2020. The Court may extend the period of exclusion as circumstances may warrant. This Order and period of exclusion are incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006). The periods of exclusion in the Court's prior orders on this subject, General Order 20-01 and its subsequent amendments, are likewise incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies.

**SO ORDERED** this _3_ day of August 2020.

**THOMAS W. THRASH, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**